UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMI W.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:18-CV-01501-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons supported by substantial evidence for discounting the opinion of examining psychiatrist Dr. Rahul Khurana. Had the ALJ properly

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

considered this opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On January 31, 2014, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 31, 2009. *See* Dkt. 8, Administrative Record ("AR") 17, 258-59, 260-68. Her applications were denied upon initial administrative review and on reconsideration. AR 171-74, 178-80, 181-83. A hearing was held before ALJ Eric S. Basse on January 27, 2017. AR 55-111. In a decision dated July 13, 2017, ALJ Basse determined Plaintiff to be not disabled. AR 14-30. The Social Security Appeals Council denied Plaintiff's request for review on August 8, 2018. AR 1-7. As such, the ALJ's decision is the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly assess opinion evidence from Rahul Khurana, M.D., David Widlan, Ph.D., Faulder Colby, Ph.D., and Frederica Overstreet, M.D. Dkt. 12, pp. 3-14. Plaintiff requests the Court remand her claims for an award of benefits. *Id.* at 16-17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff maintains the ALJ failed to properly consider opinion evidence from Dr. Khurana, Dr. Widlan, Dr. Colby, and Dr. Overstreet. Dkt. 12, pp. 3-14.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  <u>Dr. Khurana</u>

Plaintiff argues that the ALJ failed to properly assess an opinion from examining psychiatrist Dr. Rahul Khurana. Dkt. 12, pp. 4-7.

Dr. Khurana conducted a psychiatric evaluation of Plaintiff on July 23, 2014. AR 1376-1379. Dr. Khurana's evaluation consisted of a clinical interview and a mental status examination. Based on this evaluation, Dr. Khurana opined that it was "unrealistic" that Plaintiff would "ever

work again in any meaningful capacity."[1] AR 1379. Dr. Khurana further opined that Plaintiff would have minimal difficulty with simple instructions, but would be moderately impaired in making work-related judgments or carrying out more complex instructions secondary to depression and anxiety disorder. *Id.*

Dr. Khurana noted that Plaintiff's understanding was fairly good, but added that Plaintiff had an "extreme disability" with respect to sustained concentration and persistence. *Id.* Dr. Khurana added that Plaintiff's impairments made typical social interactions in the work environment very difficult and opined that Plaintiff would have "extreme difficulty" responding to changes in the work routine. *Id.* Dr. Khurana stated that his opinion was based on Plaintiff's reliable self-report as well as his clinical interview and observations. *Id.* The ALJ summarized Dr. Khurana's opinion and assigned it "some weight", reasoning that:

> The suggestion the claimant "has extreme disability" is given no weight as any conclusion the claimant is unable to work is an opinion on an issue reserved for the Commissioner. Moreover, Dr. Khurana did not review the claimant's extensive treatment record, and instead relied entirely on the claimant's subjective statements, and her presentation during this one time examination. I note Dr. Khurana felt the claimant's self-report was reliable, but that he reached this conclusion without the benefit of treatment records demonstrating numerous inconsistencies as indicated above. In addition, Dr. Khurana's suggestion the claimant would have extreme limitations in concentration, persistence, and social interactions are inconsistent with the claimant's activities, including her ability to attend classes with few absences, the normal psychiatric observations, and the claimant's performance on mental status examinations. However, I give significant weight to his indication the claimant has minimal difficulty with simple instructions as this is consistent with the claimant's performance on mental status examinations.

---

[1] When presented with an ALJ's failure to discuss medical opinion evidence, the Ninth Circuit concluded that the doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (citing 20 C.F.R. § 404.1527(d)(1)).

AR 27 (citations omitted). The ALJ instead assigned "significant weight" to the opinion of non-examining state agency psychological consultant Gary Nelson, Ph.D. AR 26. The ALJ has not provided specific, legitimate reasons, supported by substantial evidence, to support his conclusion to discount a portion of Dr. Khurana's opinion.

First, the ALJ erred in finding that Dr. Khurana offered an opinion on a question reserved for the Commissioner of Social Security when he stated that Plaintiff had an "extreme disability" with respect to sustained concentration and persistence. The Social Security Administration gives no "special significance" to the source of an opinion on issues reserved to the Commissioner, such as whether an individual is "disabled" pursuant to Social Security regulations. 20 C.F.R. §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3). But, the ALJ has misconstrued Dr. Khurana's opinion. Dr. Khurana's statement that Plaintiff would have an "extreme disability" with respect to sustained concentration and persistence does not offer an opinion on a question of disability reserved for the Commissioner of Social Security, but instead expresses Dr. Khurana's view that Plaintiff would be extremely *limited* in his ability to sustain concentration and persistence.

Second, the ALJ's finding that Dr. Khurana did not review Plaintiff's "extensive" treatment record is not consistent with Dr. Khurana's own statements, which indicate that he did in fact review treatment notes from Plaintiff's psychotherapist and primary care physician. AR 1376.

Third, the ALJ's conclusion that Dr. Khurana relied "entirely" on Plaintiff's subjective statements is not supported by the record. Dr. Khurana's evaluation consisted of a clinical interview and a mental status examination, and Dr. Khurana stated that he based his assessment on the results of Plaintiff's clinical interview, his own observations, and Plaintiff's reliable self-reporting. AR 1379. Dr. Khurana specifically noted that Plaintiff's self-reporting was reliable,

and there is nothing in the record to indicate that he relied on those statements more heavily than his own clinical observations or the results of the mental status examination in assessing Plaintiff's limitations. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)) citing *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir.1999) (substantial evidence did not support ALJ's finding that examining psychologists took claimant's "statements at face value" where psychologists' reports did not contain "any indication that [the claimant] was malingering or deceptive").

       Fourth, the ALJ engaged in impermissible cherry-picking when he cited Plaintiff's ability to attend classes with few absences as a reason for discounting Dr. Khurana's opinion that Plaintiff would have extreme limitations in concentration and persistence and would find social interactions "very difficult." *See e.g. Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014). The ALJ's reference to Plaintiff's school experience does not take into consideration the difficulties Plaintiff's mental impairments caused during her studies. The ALJ's selective citation to the record is not a specific, legitimate reason, supported by substantial evidence, to discount Dr. Khurana's opinion. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) ("In essence, the ALJ developed [her] evidentiary basis by not fully accounting for the context of materials or all parts of the . . . reports. [Her] paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

The ALJ's reasoning also fails to consider significant, probative evidence in the record. Plaintiff resumed her studies in 2016 after a three-year break but testified that she struggled due to difficulties with focus and concentration. AR 63. Plaintiff testified that she had difficulty communicating during her classes and stated that she experienced anxiety during transitions between classes when she was surrounded by other students. AR 82-83. Plaintiff testified that her anxiety attacks made her so nervous that she had to leave class, and that sometimes her anxiety was so bad she had to leave school for the day. AR 83. Plaintiff struggled academically due to her mental health impairments, and following a July 2016 neuropsychological evaluation, Dr. Alan Breen stated that Plaintiff had "profound and dense" emotional problems, and that it was unclear if Plaintiff had the coping skills, stress management capabilities, or personal stability to handle her studies. AR 1499.

Further, the ALJ has not specified which psychiatric observations, mental status examinations, or Plaintiff's other activities are inconsistent with Dr. Khurana's opinion. *See Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). As such, the ALJ has not provided specific, legitimate reasons, supported by substantial evidence, for rejecting Dr. Khurana's opinion.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given greater weight to Dr. Khurana's opinion, the RFC may have included additional limitations related to Plaintiff's ability to sustain concentration and persistence, interact socially, and respond to changes in a work routine. If Dr. Khurana's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal.

B. <u>Dr. Widlan, Dr. Colby, and Dr. Overstreet</u>

Plaintiff argues that the ALJ improperly evaluated the opinions of Dr. Widlan, Dr. Colby and Dr. Overstreet. Dkt. 12, pp. 7-14. As this case must be remanded, the Court declines to consider whether the ALJ erred in consideration of the remaining medical opinions. Rather, the Court directs the ALJ to re-evaluate all the medical evidence, including the opinions of Dr. Widlan, Dr. Colby, and Dr. Overstreet on remand.

**II.     Whether the ALJ's Step Five findings are supported by substantial evidence.**

Plaintiff alleges that the ALJ erred at step five of the sequential evaluation, arguing that the ALJ's RFC assessment is not supported by substantial evidence because it does not properly account for all of Plaintiff's mental limitations. Dkt. 12, pp. 14-16. The Court has directed the ALJ to reassess all the medical evidence, which may result in additional RFC limitations.

Plaintiff's RFC and the types and number of jobs available at step five may change. As such, the ALJ shall perform a new step five analysis based on a re-evaluation of the opinion evidence.

**III.    Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. Dkt. 12, p. 16. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must re-evaluate the medical evidence on remand. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings

1 contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

2 Dated this 29th day of July, 2019.

_____
David W. Christel
United States Magistrate Judge